UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN ANTONIO ROJAS DERAS,
(A-Number: 220-624-540)

        Petitioner,

    v.

TANYA ANDREWS, et al.,

        Respondents.

No.  1:26-cv-03265-JLT-EGC (HC)

FINDINGS AND RECOMMENDATION TO GRANT PETITION AND ORDER BOND HEARING

[10-DAY DEADLINE]

Petitioner Juan Antonio Rojas Deras is an immigration detainee proceeding with a petition for writ of habeas corpus. (ECF No. 1.) He is a native and citizen of El Salvador who unlawfully entered the United States in 2011. (ECF Nos. 1 at 6; 11-1 at 1.) He was not then encountered by immigration authorities. (ECF No. 1 at 6.) He settled in East Hartford, Connecticut, where he has been living for the past fifteen years with his wife and five U.S.-born children. (ECF No. 1 at 6-7.)

On November 20, 2025, Petitioner was arrested by East Hartford police for risk of injury to a child, assault, and disorderly conduct. (ECF No. 11-5 at 7.) He is charged with misdemeanor strangulation/suffocation, felony risk of injury to a child, felony unlawful restraint, misdemeanor assault, and misdemeanor disorderly conduct. (ECF Nos. 11-5 at 8; 11-6 at 1-3.) The charges remain pending. (ECF No. 1 at 8.) Petitioner avers that he is participating in a Family Violence

1

Education Program, and upon completion of this program, all charges will be dismissed. (ECF No. 1 at 8.)

Respondents state that it was this arrest that brought Petitioner to the attention of immigration authorities. (ECF No. 11 at 1.) On December 23, 2025, a Warrant for Arrest of Alien was prepared to effect Petitioner's arrest and detention. (ECF No. 11-2 at 1.) The Warrant was served on Petitioner on December 24, 2025. (ECF No. 11-2 at 1.) He was arrested by immigration authorities after appearing in court to answer for his criminal charges. (ECF No. 1 at 9.) He was then issued a Notice to Appear and charged with removability. (ECF No. 11-3 at 1.) He has been continuously detained since then.

On April 3, 2026, Petitioner was given a custody redetermination hearing pursuant to 8 C.F.R. § 1236 upon his request. (ECF No. 11-4 at 1.) The immigration judge denied parole after determining she lacked jurisdiction, citing to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

On April 28, 2026, Petitioner filed the instant petition. (ECF No. 1.) Petitioner alleges Respondents have detained him pursuant to 8 U.S.C. § 1225(b)(2)(A) without any justification in violation of his due process rights. (ECF No. 1 at 28.) He also contends his procedural due process rights were violated when he was detained without a pre-deprivation hearing. (ECF No. 1 at 29.) Finally, he contends Respondents' detention authority is incorrect and therefore unlawful. (ECF No. 1 at 31.)

On April 29, 2026, the Court issued an order directing Respondents to show cause whether the instant case is materially distinguishable from the Court's prior orders in *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025).

On May 2, 2026, Respondents filed a response to the order to show cause. (ECF No. 11.) Respondents state the instant case is distinguishable from the cases above, because Petitioner was never before encountered by immigration authorities prior to his current detention. Nevertheless, this case is not materially distinguishable from the Court's prior orders in *R.P.V., v. Minga*

2

*Wofford, et al.*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez v. Christopher Chestnut, et al.*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). In these cases, the Court determined that persons in Petitioner's situation, i.e., those who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system, are not subject to mandatory detention under § 1225(b)(2). The Court recommends finding Respondents' exercise of detention authority under § 1225(b)(2) incorrect and unlawful, in line with the cases noted above. Respondents cite to Petitioner's arrest as justification for his detention; however, "[t]he contention that an arrest, without more, constitutes evidence of criminal activity is without merit." *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026) (quoting *Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006)).

Accordingly, the Court recommends providing Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 10 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that Respondents be ordered to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 10 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and present a flight risk if not detained. And if Respondents fail to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required by the Court's order, Petitioner should be immediately released from detention.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 12, 2026**   _____

UNITED STATES MAGISTRATE JUDGE

4